UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-cr-20700-MORENO/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ANIBAL MUSTELIER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Defendant, Anibal Mustelier's Motion to Suppress All Evidence Obtained as a Result of the Unlawful Search and Seizure Conducted by Law Enforcement Officers During the Search of the Defendant's Residence and the Sheds Within the Curtilage Thereof in Violation of the Fourth Amendment to the United States Constitution as Well as All Evidence Derived Therefrom and Request for Franks Hearing and Evidentiary Hearing upon Defendant's Motion to Suppress (DE# 62, 2/2/17) (hereinafter "Motion"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Reference to Magistrate (DE# 68, 2/10/17). Having reviewed the applicable filings and the law and having held a hearing on February 16, 2017, the undersigned respectfully RECOMMENDS that the Motion (DE# 62, 2/2/17) be **DENIED** for the reasons stated herein.

## ANALYSIS

The defendant argues that he is entitled to an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). "Under Franks, a defendant may challenge the veracity of an affidavit in support of a search warrant if he makes a 'substantial

preliminary showing' that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause."
United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006) (citing Franks, 438 U.S. at 155-56). Thus, the defendant has the burden to present:

> [a] challenge under Franks [that is]:(1) more than conclusory; (2) contain allegations of deliberate falsehood or of reckless disregard for the truth; (3) be accompanied by an offer of proof; (4) specify the portion of the warrant affidavit that is claimed to be false; and (5) be accompanied by a statement of supporting reasons.

United States v. Williams, 146 Fed. Appx. 425, 430-31 (11th Cir. 2005). For the reasons stated below, the undersigned finds that the defendant has not met his burden of showing entitlement to a Franks hearing.

The defendant raises two challenges to the affidavit supporting the search warrant: (1) the inaccurate description of surveillance/security videos[1] and (2) the purportedly plain view observation of burglary tools.[2]

---

[1] With respect to the videos, the defendant argues:

> First, there is no such video wherein the Defendant is in-fact depicted, nor is there a video wherein the Defendant is depicted "acting as a lookout in front of the business that was burglarized on August 8, 2016."
>
> Second, there is no such video which depicts that the Defendant, "followed the burglars and they entered an awaiting vehicle on West 49th Street and fled east."

Motion (DE# 62 at 7, 2/2/17).

[2] As to the burglary tools, the affidavit asserts that:

> After "Defendant # 1" was taken into custody, detectives responded to 256 East 21 Street Hialeah, Miami-Dade County, Florida and made

With respect to the videos, the undersigned finds that if all references to the videos were excised from the affidavit, there would still be probable cause to support the issuance of the search warrant. Thus, the defendant has not shown entitlement to a Franks hearing concerning the videos.

As to the allegations regarding the purportedly plain view observation of the burglary tools, the defendant has provided no evidence to establish that the officer deliberately or recklessly submitted a false statement (or statement made in reckless disregard for the truth) or omitted information in an attempt to mislead the issuing judge. See United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir. 1990) (noting that to be entitled to an evidentiary hearing under Franks, the defendant must show (1) that the affiant acted knowingly and intentionally or with reckless disregard for the truth and (2) had the false statement been omitted or had the omission been included it would have prevented a finding of probable cause).

The defendant has not shown that the officer recklessly or deliberately omitted information from the search warrant affidavit. The defendant asserts that the burglary tools were found inside the bedroom and that the affidavit did not allege that the defendant's girlfriend provided the officer with consent to enter the house.[3] The addition

---

> contact with "Defendant# 2", and placed him into custody. Once at the door, Sergeant Barbaro Hernandez (04-1004), observed in plain view black gloves, and other burglary tools consisting of several two-way radios, and a Taser, which are all instrumentalities which can be used for a burglary.

Affidavit in Support of Search Warrant (DE# 72-1 at 4, 2/10/17).

[3] The issue of whether the defendant's girlfriend provided valid consent will be addressed in a separate motion to suppress.

of the omitted information to the search warrant application would not have detracted from the probable cause and may very well have strengthened the probable cause stated in the affidavit.

At the February 16, 2017 hearing, the defendant argued that the officer could not have possibly seen the burglary tools even if he were standing in the bedroom because the tools were hidden behind a closet door. However, the defendant did not present an affidavit or sworn testimony establishing this fact. With respect to the "substantiality" requirement of Franks, the Eleventh Circuit has stated:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. **Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained**.

United States v. Arbolaez, 450 F.3d 1283, 1294 (11th Cir. 2006) (emphasis added; citations omitted). Counsel's arguments alone are insufficient to make a substantial preliminary showing that the officer deliberately or recklessly included false statements, or failed to include material information, in the affidavit.

In sum, a Franks hearing is not warranted because the defendant has not met his burden of proof.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that Defendant, Anibal Mustelier's Motion to Suppress All Evidence Obtained as a Result of

the Unlawful Search and Seizure Conducted by Law Enforcement Officers During the Search of the Defendant's Residence and the Sheds Within the Curtilage Thereof in Violation of the Fourth Amendment to the United States Constitution as Well as All Evidence Derived Therefrom and Request for Franks Hearing and Evidentiary Hearing upon Defendant's Motion to Suppress (DE# 62, 2/2/17) be **DENIED**.

The parties shall have until **Thursday, February 23, 2017**[4] to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **16th** day of February, 2017.

                                                JOHN J. O'SULLIVAN
                                                UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
All counsel of record

---

[4] This matter is set for a Calendar Call before Judge Moreno on February 28, 2017. For this reason, the deadline to file objections has been shortened.